## BOYD v. OTTENBERG.

### No. 7478.

United States Court of Appeals for the District of Columbia.

Argued May 8, 1940.

Decided June 17, 1940.

I. Irwin Bolotin, Samuel B. Brown, and Nathan M. Brown, all of Washington, D. C., for appellant.

Morris Simon, Lawrence Koenigsberger, and Eugene Young, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and RUTLEDGE, Associate Justices.

## PER CURIAM.

This is an action brought to recover damages for personal injuries sustained by Donald Boyd, an infant, as the result of being struck by appellee's automobile. At the conclusion of all the evidence, the court directed a verdict for the defendant, and this appeal followed.

The testimony discloses that the accident occurred on L Street, which is 31 feet 10 inches in width from curb to curb, between 9th and 10th Streets, N. W., Washington. At that point, L Street is a one-way street, and at the time of the accident, lines of cars were parked on each side. Appellee's truck was proceeding in a westerly direction about 18 miles an hour. A few seconds before the accident, the driver, observing two boys run across L Street from between parked automobiles, slowed down and blew his horn. As he reached a point about 75 feet from the 10th Street intersection, and while he was driving somewhat on the left or southern side of the street to avoid a car parked double on the northern side, plaintiff, an infant four years of age, darted out from the south side between parked automobiles and attempted to pass in front of his truck and was struck by the bumper. The truck was stopped immediately, and the boy picked up by the driver a foot in front of the truck and taken to the hospital.

The argument for reversal is that the jury might have justifiably inferred that the accident occurred after plaintiff had passed the center line of the street and hence after he had been in view of the driver for a sufficient length of time to have enabled the latter, in the exercise of due care, to stop his truck before the collision. But a careful examination of the testimony satisfies us that this argument is wholly unsustained. It shows, we think, conclusively that two older boys were playing tag in the streets, running in and out between automobiles and across the street between intersections. The driver saw these boys run across his path a safe distance away and blew his horn and reduced his speed, and then a few seconds later, plaintiff, who was apparently following them, ran immediately in front of his truck. The very fact that the truck was stopped without running over the child seems to us conclusively to prove that the vehicle was moving slowly and that the driver was alert. Plaintiff's case is based upon an inference which is unsustainable from the proven facts, and the court below was correct in directing a verdict for the defendant.

Affirmed.